\*.W. C. WHITSETT v. W. J. FOREHAND and wife.

*Deed—Probate and Registration—Contract—Damages.*

1. The "Cherokee Nation" is a territory within the meaning of the statute, (Bat. Rev. ch. 35, § 8.)

2. The certificate of the "Chief of the Cherokee Nation," under its great seal, that a Judge, before whom the probate of a deed is taken, is such Judge &c, is sufficient to entitle the deed to probate and registration in this State.  The word "Governor" in the statute must be taken to mean the Chief Executive Officer of a State or Territory, having its great seal.

3. In an action on a note for a certain sum solvable in cotton at a certain price per pound, the plaintiff is entitled to recover as damages for the non-delivery of the cotton, the market value of the quantity of cotton deliverable under the contract at the time the same ought to have been delivered.

CIVIL ACTION to foreclose a Mortgage heard at January Special Term, 1878, of WAYNE Superior Court, before *Eure, J.*

The plaintiff and his wife contracted to sell to W. J. Forehand a tract of land, and delivered him a deed therefor, which deed it was alleged was never properly acknowledged and proved.  The title to the land was in the plain-

---

* Faircloth, J. having been of counsel did not sit on the hearing of this case.

tiff's wife. On the 4th of July 1872, the defendants executed three notes for $261 each, payable in cotton at sixteen cents per pound, due respectively, December 1st, 1873, '74, '75, for the land, and secured the payment by a mortgage thereon. When the first note fell due the defendants refused to pay because of the alleged defect in the title as aforesaid, and on the 8th of September, 1874, the plaintiff brought this action to foreclose the mortgage.

The defendants answered alleging as a defence and counter claim, that they were damaged by reason of said defective deed, and demanded judgment,—that the said notes and mortgage be surrendered for cancellation, if the plaintiff and his wife should fail to make and acknowledge a proper deed; that the plaintiff and wife do make such deed; and for five hundred dollars damages.

The plaintiff filed no reply, but prepared a deed which he and his wife signed and acknowledged before Samuel M. Taylor, who was certified by William P. Ross, Chief of the Cherokee Nation, to be a Judge of the Circuit Court for the Southern Judicial Circuit of the Cherokee Nation, it being a Court of Law of Superior Jurisdiction at the time of taking said acknowledgment. The private examination of the wife is in the usual form. [The plaintiff was a resident of Missouri at the time the contract was made, but is now living in some other western State.] The deed was sent to the plaintiff's attorney by mail, and after its receipt by him filed among the papers in this action,—the defendants refusing to accept it, for that, it was not properly proved.

His Honor being of opinion that the probate of the deed was sufficient, ordered it to be registered, and gave judgment for the plaintiff for the amount of the note and interest, and directed the clerk to sell the land in satisfaction thereof, from which ruling the defendants appealed.

*Mr. S. W. Isler,* for plaintiff.
*Mr. H. F. Grainger,* for defendants.

READE, J.   The deed in question was acknowledged by the makers, husband and wife, before a Judge of the Superior Courts in the Cherokee Nation, where they resided, and the wife's private exâmination taken, and the probate and private examination properly certified by him.   No question is made about that.   But the proof that he was such Judge, instead of being the certificate of the Governor of the territory, is the certificate of the "Chief of the Cherokee Nation," under the great seal of the Cherokee Nation.

The question is, whether that is sufficient to admit the deed to probate and registration in this State in the county where the land lies.   Our statute provides that "when any deed concerning lands in this State * * * shall have been executed, and it may be desired to take the acknowledgment or probate thereof out of the State, but within the United States, it shall be lawful for any Judge of a Supreme, Superior or Circuit Court within the State or territory where the parties may be, to take the probate * * *.   And the certificate of such Judge with the certificate of the Governor of the State or territory annexed to such deed," &c., that he was such Judge shall be sufficient to admit the deed to probate and registration in this State.   Bat. Rev. ch. 35. § 8.

It was discussed before us whether the Cherokee Nation is to be considered a State or a territory or a foreign nation. Its status is anomalous.   It is certainly not a foreign nation, but is a part of the United States territory, using territory in its general sense:   It is not a State in the sense in which the other States are called.   Nor yet is it an organized territory as the organized territories are.   And yet it is a territory of the United States set apart for the

Cherokee Nation with an organized government, legislative, executive and judicial, under the protection of the United States government, and under its tutelage and guardianship. And for the purposes now under consideration it must be considered a "territory" "within the United States."

Taking it to be a "territory" within the sense of our statute, still it is objected that the certificate is not by the "Governor" of the territory. It is the proceeding before the Judge and his certificate that constitute the probate. The only object of the Governor's certificate is to prove to our Courts here that he was a Judge. That can best be done by the chief executive officer of a State or territory who carries its great seal, and such officer is in the United States called *Governor*, except in the Cherokee Nation where he is called *Chief*. He is, however, the Governor of the "Nation," and carries its seal. The Governors of the States are frequently called chief executive officer, chief magistrate, commander-in-chief. And so we say king, sovereign, monarch, designating the same officer and office.

Giving to our statute a liberal and useful construction, it means the chief executive officer in the State or territory bearing the great seal. There is no officer in the Cherokee Nation called Governor, so far as we know. And the "Chief" discharges the duties which usually pertain to the office of Governor. The "Chief" is therefore for our purposes Governor.

2. The bond in question dated the 4th of July, 1872, and payable December, 1873, together with two others like it, except that they were payable December, 1874, and December, 1875, were given as the price of the land in question. It will be observed that they are not solvable in money, but in cotton at sixteen cents a pound. The undertaking is that as each of the bonds falls due, the defendants are not to pay the plaintiff $261, but so much cotton as at sixteen cents a pound will amount to that sum—say 1631

pounds. It matters not what might be the *market* price of the cotton, the contract price must govern.

When, therefore, the bond in question fell due in December, 1873, it was the duty of the defendant to deliver to the plaintiff, say 1631 pounds of cotton, and on failure to do so, to pay him such damage as he sustained, viz., the market value of the cotton at the time when he ought to have delivered it. Whether the market value of the cotton at that time was more or less than sixteen cents was an *accident* to enure to the advantage of one or the other as the case might be. And this was evidently the understanding of the parties, because they could not have supposed that the market price of cotton would be precisely the same in December of three successive years.

But the defendants offer as an excuse for not delivering the cotton at the time when the bond fell due, December, 1873, that the plaintiff had not made or tendered them a good and sufficient title to the land. That was a good excuse, if true. And it seems to have been true up to the time when the deed now in question was tendered. That time is not stated. Its date is the 12th of May, 1875. The judgment below was for the amount in the face of the bond. In this there was error. It should have been for the damage sustained for the breach of the contract at the time of the breach and interest thereon.

There is error. Judgment reversed, and the case remanded to be proceeded in according to law.

Error.

PER CURIAM.                    Judgment reversed.